UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HONGLEI HAN,

Plaintiff,

v.

SERGIO ALBARRAN, et al.,

Defendants.

Case No. 26-cv-03856-TLT

**ORDER GRANTING PETITION FOR WRIT OF HAEBEAS CORPUS**

Re: Dkt. No. 1

On April 30, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF 1. Petitioner, a citizen of China, is detained by U.S. Customs and Immigration Enforcement ("ICE") at 630 Sansome Street in San Francisco.

The Court ordered Respondents to respond to Petitioner's request for his immediate release and an order from this Court that the government not transfer him outside of the District or deport him without a hearing to contest his re-arrest before a neutral decisionmaker by 5:00 p.m. on May 1, 2026. ECF 3. Petitioner was ordered to reply by 7 p.m. on May 1, 2026. *Id.*

Having considered the parties briefs, relevant legal authority, and for the reasons stated below, the Court **GRANTS** the Petition.

I.    **BACKGROUND**

Petitioner is a citizen of China who has an asylum application which has been pending since January 2024. ECF 1 ¶ 2, 37. Petitioner entered the United States in 2023. *Id.* He was apprehended by Department of Homeland Security ("DHS") officials. *Id.*

DHS released Petitioner on an Order of Recognizance shortly thereafter. *Id.* He lived in the United States upon his release while awaiting immigration court dates. *Id.* Petitioner was required to attend ICE check-ins. *Id.* ¶ 3.

In March 2026, Petitioner was arrested for driving under the influence. *Id.* ¶ 6. Petitioner

has not been convicted for these charges. *Id.*

ICE re-detained Petitioner on April 30, 2026. *Id.* ¶ 12. Respondents contend that Petitioner's arrest in March constitutes a material change in circumstances such that his re-arrest was warranted. ECF 5 at 1.

Petitioner filed a petition for writ of habeas corpus on April 30, 2026. ECF 1.

## II.    LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

## III.    DISCUSSION

Petitioner's claims turn on whether Respondents properly detained him pursuant to 8 U.S.C. § 1225(b)(2)(A). Specifically, the parties dispute whether Petitioner's arrest in 2026 for driving under the influence constitutes a material change in circumstances such that Petitioner poses a danger to the community. ECF 5 at 1; ECF 6 at 6. Respondents further argues that Petitioner is subject to mandatory detention under § 1225(b)(2)(A) because he is physically present in the United States without having been admitted, or that post-detention bond hearing is the proper remedy given the changed circumstances. ECF 5 at 1.

8 U.S.C. § 1225(b)(2)(A), in relevant part, provides:

> [I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title. 8 U.S.C. § 1225(b)(2)(A).

Respondents argue that Petitioner, due to his physical presence in the United States without immigration relief, is an applicant for admission subject to mandatory detention under this statute. ECF 5 at 2. Respondents acknowledge that this Court and the majority of district courts addressing this argument have rejected Respondents' position. *Id.* (citing *Rodriguez Diaz v. Kaiser*, No. 25-cv-05071-TLT, 2025 WL 3011852 (N.D. Cal. Sept. 16, 2025) and *Bautista Pico v.*

United States District Court
Northern District of California

2

United States District Court
Northern District of California

*Noem*, No. 25-cv-08002-JST, 2025 WL 3295382, at *2 (N.D. Cal. Nov. 26, 2025), *appeal docketed,* No. 26-459 (9th Cir. Jan. 22, 2026).  Respondent interpretation of the statute is based on a case, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (BIA 2025), which has been stayed across ICE's San Francisco area of responsibility by *Garro Pinchi v. Noem*, No. 25-cv-05632, 2025 WL 3691938-PCP (N.D. Cal. Dec. 19, 2025).

The Court, therefore, joins its fellow courts in this district and, consistent with its own prior rulings, finds that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

Regarding Petitioner's 2026 arrest for driving under the influence, the Court finds that, without more details about the nature of these allegations, the arrests alone do not constitute changed circumstances. Multiple courts in this district have ordered release and pre-deprivation hearings where noncitizens have been arrested following their initial release by ICE. *See e.g., Llanes Tellez v. Bondi*, No. 25-CV-08982, 2025 WL 3677937, at *5 (N.D. Cal. Dec. 18, 2025); *Claros v. Albarran*, No. 25-CV-09473, 811 F.Supp.3d 1062, 2025 WL 3458888 (N.D. Cal. Dec. 2, 2025); *Roa v. Albarran*, No. 25-cv-07802, 2025 WL 2732923, at *1 (N.D. Cal. Sept. 25, 2025); *Larrios v. Albarran*, No. 25-cv-08799, 2025 WL 3043391, at *7-8 (N.D. Cal. Oct. 31, 2025); *Mehar Singh v. Bondi*, No. 26-cv-0598, 2026 U.S. Dist. LEXIS 55502 at *8 (W.D. Wash, March 17, 2026). Simply, "while the Supreme Court has held that noncitizens 'convicted of particular crimes' described in § 1226(c) 'may reasonably be presumed to pose a risk of flight or a danger to the community,' that is not true for non-citizens without such criminal records." *Garro Pinchi*, 2025 WL 3691938 at *2 (citing *Valencia Zapata v. Kaiser*, 801 F.Supp.3d at 919, 2025 WL 2741654, at *12).  The same is not true for those *accused* of a crime.

## IV.    DUE PROCESS AFFORDS PETITIONER A PRE-DEPRIVATION HEARING

Respondents argue that due process does not require pre-deprivation hearing before his re-detention.  ECF 5 at 5.  Petitioner argues that he is entitled to a pre-deprivation hearing under the Fifth Amendment.  ECF 6 at 6.

Although merely "set[ting] foot on U.S. soil" may not be sufficient to "effect[ ] an entry" and trigger due-process protections if the noncitizen is detained shortly thereafter, *Dep't of*

3

United States District Court
Northern District of California

*Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 139–140 (2020), if a noncitizen "gain[s a] foothold in the United States," *Kaplan v. Tod*, 267 U.S. 228, 230 (1925), or "begins to develop ... ties" in this country, "h[er] constitutional status changes accordingly," and she "has a right to due process." *Landon v. Plasencia*, 459 U.S. 21, 32–33 (1982); *see also Yamataya v. Fisher*, 189 U.S. 86, 100– 01 (1903) (distinguishing noncitizens entitled to due process from those "who ha[ve] been here for too brief a period to have become, in any real sense, a part of our population"). Petitioner has lived in the United States since 2023. ECF 1 ¶ 36.  His multi-year presence in the United States is consistent with the actions of a noncitizen who has gained a foothold in the United States sufficient to be entitled to the protections of the Fifth Amendment's due process clause.

It is well-established that parolees have a strong interest in their conditional release, *Morrissey v. Brewer*, 408 U.S. 471, 481–82 (1972), and courts have held they cannot be re-arrested without a due process hearing in which they can challenge their re-incarceration. *Id*.; *United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008). The Court does not distinguish between citizens and noncitizens in this context. *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal 2019) ("Just as people on pre-parole, parole, and probation status have a liberty interest, so too does Ortega have a liberty interest in remaining out of custody on bond."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1056 (N.D. Cal 2021) ("The Court... declines to ignore the due process principles articulated in *Morrissey* on the basis that it was not decided in the immigration context."). Petitioner has a significant liberty interest in continuing to exercise the freedom that he has had in the United States since 2023, when he was released under an Order of Recognizance. Petitioner's release was in the civil—not criminal—context, Petitioner's liberty may not be diminished as a punishment. *See Zadvydas*, 533 U.S. at 690 (holding civil detention is nonpunitive); *see also U.S. v. Knights*, 534 U.S. 112, 119 (2001) (comparing probationers' reduced liberty with that of "law-abiding citizens"). Petitioner's liberty interest on release is therefore at least as great as those serving criminal sentences on parole. Indeed, "[e]ven parolees— for whom detention is the 'default,' who are subject to significant constraints on liberty, and who continuing to serve their criminal sentences for serious or violent felonies while released on parole—may not be detained and put back in prison without a court hearing within a few days."

4

*Guillermo M. R. v. Kaiser*, No. 25-cv-05436, 2025 WL 1983677, at \*1 (N.D. Cal. July 17, 2025).

While Petitioner's detention may be warranted for a 90-day period in the event Petitioner becomes subject to a final removal order, such a circumstance is not presently before the Court. *See* 8 U.S.C. § 1231(a)(2)(A). Accordingly, "Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify [his] continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released." *Mtiulishvili v. Larose*, No. 26-cv-387, 2026 WL 377870, at \*3 (S.D. Cal. Feb. 10, 2026).

### V.   CONCLUSION

The Court orders that the Petition be **GRANTED.** Respondents are **ORDERED** to immediately release Petitioner Hongei Han.

Respondents shall provide a **Status Report** confirming Petitioner-Plaintiff's release by **Monday, May 4, 2025, at 9:00 a.m**.

Respondents, and all their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them, are hereby **ENJOINED** and **RESTRAINED** from re-arresting and re-detaining Petitioner without a hearing.

If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice and a pre-detention hearing during which a neutral decisionmaker must consider whether Petitioner is either a danger to the community or flight risk such that her physical custody is required.

The parties shall meet and confer and, within **7 days** of the date of this Order, propose a schedule for resolving the remainder of this case or a stipulation that the reasoning in this Order warrants granting the petition and entering judgment.

IT IS SO ORDERED.

Dated: May 2, 2026

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

5